1 | **LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
2 | California State Bar No. 254945
225 Broadway, Suite 900
3 | San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail:Leila_Morgan@fd.org

5 | Attorneys for Ms. Oliva-Villalobos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| UNITED STATES OF AMERICA, | ) | CASE NO. 08cr1785-JTM |
|---|---|---|
| Plaintiff, | ) | DATE: July 25, 2008 |
| | ) | TIME: 11:00 A.M. |
| v. | ) | |
| CARMEN OLIVA-VILLALOBOS, | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| | ) | (1) COMPEL DISCOVERY; AND |
| Defendant. | ) | (2) GRANT LEAVE TO FILE FURTHER MOTIONS |

TO: KAREN HEWITT, UNITED STATES ATTORNEY, AND
CARLA J. BRESSLER, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 25, 2008 at 11:00 a.m., or as soon thereafter as counsel may be heard, Carmen Oliva-Villalobos, by and through her attorneys, Leila W. Morgan, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//
//
//
//

08cr1785-JTM

## **MOTIONS**

Carmen Oliva-Villalobos, by and through her attorneys, Leila W. Morgan and Federal Defenders of San Diego Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)  Compel Discovery; and
(2)  Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

*s/ Leila W. Morgan*
Dated: July 23, 2008            **LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
Attorney for Ms. Oliva-Villalobos

**LEILA W. MORGAN**
California State Bar No. 232874
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: leila_morgan@fd.org

Attorneys for Ms. Carmen Guadalupe Oliva-Villolobos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08cr1785-JTM |
| | ) | |
| Plaintiff, | ) | DATE: July 25, 2008 |
| | ) | TIME: 11:00 A.M. |
| v. | ) | |
| | ) | **MEMORANDUM OF POINTS AND** |
| CARMEN OLIVA-VILLALOBOS, | ) | **AUTHORITIES IN SUPPORT OF** |
| | ) | **DEFENDANT'S MOTIONS** |
| Defendant. | ) | |

I.

**STATEMENT OF FACTS**[1]

On May 5, 2008, Ms. Oliva-Villalobos attempted to enter the United States via the Otay Mesa, California pedestrian port of entry. Ms. Oliva-Villalobos allegedly presented a DSP-150 Laser vias Car bearing the name Josefina Chaves Gradilla, to a Customs and Border Protection Officer working at the inspection lane. Ms. Oliva-Villalobos was then escorted into the secondary inspection office, were she was fingerprinted. Based on the information obtained from the fingerprints, agents determined that Ms. Oliva-Villalobos had been previously removed from the United States. Ms. Oliva-Villalobos was arrested for attempted reentry after deportation, in violation of Title 8 U.S.C. § 1326.

---

[1] The following is based primarily on information provided by the government. Ms. Oliva-Villalobos does not stipulate to the accuracy of these facts and reserves the right to contest these facts at any future proceeding.

On June 3, 2008, an information was filed charging Ms. Oliva-Villalobos with one count of illegal entry, a misdemeanor, and one count of illegal entry, a felony, both in violation of Title 8 U.S.C. § 1325.

These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

As of the filing of these motions, the Government has provided Ms. Oliva-Villalobos with limited discovery.

Ms. Oliva-Villalobos moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. *See generally Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>.  The Government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any *Miranda* warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced <u>in their entirety</u>, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable

under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. United States*, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) <u>*Brady* Material</u>. Ms. Oliva-Villalobos requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(4) <u>Any Information That May result in a Lower Sentence Under The Guidelines</u>. As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record.

(6) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions).

The defendant requests that such notice be given **three weeks** before trial in order to give the defense time to adequately investigate and prepare for trial.

1  (7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

(8) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

(9) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(C) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(10) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

(11) <u>Impeachment evidence</u>.  Ms. Oliva-Villalobos requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  *See* Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady v. Maryland*, *supra*.  *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(12) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  *United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

(13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Ms. Oliva-Villalobos requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any

1 prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any
2 evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.
3 *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th
4 Cir. 1980).

5       (14) <u>Witness Addresses</u>. The defense requests the name and last known address of each prospective
6 government witness. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*,
7 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United*
8 *States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses). The
9 defendant also requests the name and last known address of every witness to the crime or crimes charged
10 (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.
11 *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

12       (15) <u>Name of Witnesses Favorable to the Defendant</u>. Ms. Oliva-Villalobos requests the name of any
13 witness who made any arguably favorable statement concerning the defendant or who could not identify him
14 or who was unsure of his identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d
15 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d
16 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979),
17 *cert. denied*, 444 U.S. 1086 (1980).

18       (16) <u>Statements Relevant to the Defense</u>. Ms. Oliva-Villalobos requests disclosure of any statement
19 that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux*,
20 685 F.2d 1105 (9th Cir. 1982). This would include Grand Jury transcripts which are relevant to the defense
21 motion to dismiss the indictment.

22       (17) *<u>Jencks</u>* <u>Act Material</u>. The defense requests all material to which Ms. Oliva-Villalobos is entitled
23 pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A
24 verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is
25 sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*,
26 373 U.S. 487, 490-92 (1963).

27       (18) *<u>Giglio</u>* <u>Information</u>. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant
28 requests all statements and/or promises, expressed or implied, made to any government witnesses, in

exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(19) <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests the results and/or reports of all tests, examinations, or experiments conducted upon the evidence in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense *or* are intended for use by the government as evidence in chief at the trial. Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, and any tests or experiments conducted on the compartment in this case.

(20) *Henthorn* Material.  The defense requests that the prosecutor review the personnel files of the officers involved in her arrest, and those who will testify, and produce to her any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. *See United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  In addition, she requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in camera</u> inspection.

(21) <u>Informants and Cooperating Witnesses</u>.  Ms. Oliva-Villalobos requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case.  The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Rovario v. United States*, 353 U.S. 53, 61-62 (1957). Ms. Oliva-Villalobos also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972).  Such information would include inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(22) <u>Expert Witnesses</u>.  The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). *See United States v. Duvall*, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's

1  testimony in drug prosecution where notice provided only a list of the general subject matters to be covered
2  and failed to identify what opinion the expert would offer on those subjects). This request includes, but is
3  not limited to, disclosure of the qualifications of any government witness who will testify that he
4  understands and/or speaks Spanish or any other foreign language that may have been used during the course
5  of an interview with Ms. Oliva-Villalobos or any other witness.

6  Ms. Oliva-Villalobos requests the notice of expert testimony be provided at a minimum of *three*
7  *weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony,
8  including obtaining its own expert and/or investigating the opinions, credentials of the government's expert
9  and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. *See*
10 *Kumho v. Carmichael Tire Co.*, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and
11 must determine, reliability and relevancy of expert testimony and such determinations may require "special
12 briefing or other proceedings").

13 (23) <u>Training of Relevant Law Enforcement Officers</u>. Defendant requests copies of all written,
14 videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement
15 agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland
16 Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting
17 contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles;
18 (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of
19 those vehicles, including the proper means of obtaining consent to search and what constitutes consent to
20 search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and
21 witnesses. Defendant also requests all written or otherwise attainable information regarding the training of
22 Customs agents at ports of entry in California to detect or discover narcotics in vehicles entering the United
23 States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department,
24 by the DEA or other law enforcement agencies or individuals.

25 (24) <u>Performance Goals and Policy Awards</u>. Defendant requests disclosure of information
26 regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement
27 officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the
28 detection of contraband. This request specifically includes information concerning performance goals,

policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics in general.

(25) <u>Residual Request</u>. The defense intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Ms. Oliva-Villalobos requests that the government provide her and her attorney with the above requested material sufficiently in advance of trial.

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

To date, Ms. Oliva-Villalobos and defense counsel have received limited discovery from the government. It is anticipated that as new information comes to light, the defense will likely find it necessary to file further motions. Ms. Oliva-Villalobos requests a further opportunity to file further motions based upon information gained through the discovery process.

## V.

## CONCLUSION

For the reasons stated above, Ms. Oliva-Villalobos moves this Court to grant his motions.

Respectfully submitted,

Dated: July 23, 2008

/s/ Leila W. Morgan
**LEILA W. MORGAN**
Attorney for Ms. Oliva-Villalobos
leila_morgan@fd.org

**LEILA W. MORGAN**
California Bar No. 232874
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Leila_Morgan@fd.org

Attorneys for Ms. Oliva-Villalobos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08cr1785-JTM |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| CARMEN OLIVA-VILLALOBOS, ) | |
| Defendant. ) | |

   **I HEREBY CERTIFY** that on July 23, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          /s/   *Leila W. Morgan*
       **LEILA W. MORGAN**
       California Bar No. 232874
       Federal Defenders of San Diego, Inc.
       225 Broadway, Suite 900
       San Diego, CA 92101
       Telephone: (619) 234-8467
       Facsimile: (619) 687-2666
       Leila_Morgan@fd.org

       Attorneys for Ms. Oliva-Villalobos

1

**SERVICE LIST**

**United States v. Carmen Guadalupe Oliva-Villalobos**
**Case No. 08cr1785-JTM**
**United States District Court, Southern District of California**

**Carla J. Bressler**
Carla.J.Bressler@usdoj.gov

[Service via CM/ECF]